UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **6101 TULLIS DRIVE, LLC,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1314** |
| **INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, ET AL.,**<br>    Defendants | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court is a Motion to Reconsider Order Denying Without Prejudice Motion to Compel Arbitration ("Motion to Reconsider")[1] filed by Defendants Interstate Fire & Casualty Insurance Company subscribing to Policy No. VRX-CN-0003034-01; Independent Specialty Insurance Company subscribing to Policy No. VUX-CN-0003034-01; Certain Underwriters at Lloyd's, London subscribing to Policy No. VNBCN-0003034-01; and Certain Underwriters at Lloyd's and Other Insurers (subscribing to Binding Authority B604510686220221) subscribing to Policy No. VUX-CN-0003034-01. The motion is opposed.[2] For the reasons that follow, the Motion to Reconsider and the underlying Motion to Compel Arbitration and Stay Pending Arbitration[3] are **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arose out of an insurance coverage dispute between Plaintiff and Defendants following Hurricane Ida in 2021.[4] It was filed in the Civil District Court in Orleans Parish in March 2023 and removed to this Court on April 20, 2023.[5] Upon

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 10.
[4] *See* R. Doc. 1.
[5] *Id.*

1

removal, the case became subject to the Court's Hurricane Ida Streamlined Settlement Program ("SSP"), described in the Court's Hurricane Ida Case Management Order No. 1 ("CMO 1").[6]

On May 22, 2023, Defendants filed a Motion to Compel Arbitration and Stay Pending Arbitration ("Motion to Compel").[7] In that motion, Defendants requested that the Court "compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards" ("the Convention") because the arbitration provision in the parties' insurance contract "falls under the Convention." The Defendants further argued that, pursuant to the Federal Arbitration Act,[8] "a stay of these proceedings pending arbitration is mandatory, although the Court may instead dismiss the case in favor of arbitration."[9]

On May 23, 2023, the Court denied without prejudice Defendants' Motion to Compel.[10] The Court explained that the case was automatically subject to CMO 1, which mandated that the parties comply with CMO 1 unless they petitioned the assigned magistrate judge to opt out of SSP "within 15 days of the filing of Defendants' responsive pleading."[11] Because the Defendants had not yet opted out of SSP, the Court ruled that the Motion to Compel was premature, and the parties must comply with CMO 1 until opted out.[12]

In response, on May 30, 2023, Defendants filed their Motion for Reconsideration.[13] Defendants move for reconsideration pursuant to Federal Rules of

---

[6] R. Doc. 4.
[7] R. Doc. 10.
[8] 9 U.S.C. § 3
[9] R. Doc. 10 at p. 1.
[10] R. Doc. 11.
[11] *Id.*
[12] *Id.*
[13] R. Doc. 12.

2

Civil Procedure 59.[14] In their supporting memorandum, Defendants emphasize that because the Convention supersedes CMO 1, arbitration is mandatory, and the Court must grant their Motion to Compel.[15] Plaintiff's response in opposition argued only that that the Court should maintain its denial of the Motion to Compel because Defendants have yet to opt out of CMO 1.[16] In their reply, Defendants argued that adherence to CMO 1's opt-out procedures was not required because, again, the Convention supersedes any requirements of CMO 1.[17]

## **STANDARD**

Though the Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order,[18] the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e).[19] However, a Rule 59(e) motion to alter or amend an order is permitted only in rare circumstances that justify the "extraordinary remedy," typically "to correct manifest errors of law or fact or to present newly discovered evidence."[20]

Still, such motions should not relitigate or "rehash[] evidence, legal theories, or arguments that could have been offered or raised" prior to "entry of judgment."[21] Instead, Courts in this district "have generally considered four factors" when ruling on a Rule 59(e) motion: "(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based"; "(2) the movant presents newly discovered or previously

---

[14] R. Doc. 12-1 at p. 3.
[15] R. Doc. 12-1 at pp. 4–5.
[16] R. Doc. 13.
[17] R. Doc. 16 at 2–3.
[18] *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).
[19] *See S. Snow Mfg. Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013) (collecting cases).
[20] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)).
[21] *Id.* at 478-79; *S. Snow*, 921 F. Supp. 2d at 565.

3

unavailable evidence"; "(3) the motion is necessary in order to prevent manifest injustice"; "(4) the motion is justified by an intervening change in controlling law."[22]

## LAW AND ANALYSIS

In their Motion for Reconsideration, Defendants argue that the Convention, which applies to the arbitration clause in the parties' contract, supersedes all local rules of this Court, including CMO 1.[23] Accordingly, Defendants contend, "[t]he Convention's requirement to arbitrate thus supersedes the CMO's requirement that the parties participate in the SSP," and the Defendants "are entitled to an order mandating arbitration now, irrespective of the SSP in the CMO."[24] For support, Defendants also cite two recent orders from other sections of this Court granting "motions to reconsider prior orders denying participation pending SSP,"[25] issued under circumstances nearly identical to those here: *3501 N. Causeway Associates, LLC v. Certain Underwriters at Lloyd's, London*,[26] and *419 Carondelet, LLC v. Certain Underwriters at Lloyd's, London*.[27] The Court agrees with Defendants and the reasoning in *3501 N. Causeway Associates* and *419 Carondelet* and concludes it is proper to grant the Motion to Reconsider.

Louisiana law generally prohibits arbitration clauses.[28] However, the Convention,[29] implemented by Congress, preempts and supersedes state law.[30] The

---

[22] *S. Snow*, 921 F. Supp. 2d at 565.
[23] R. Doc. 12-1 at p. 4.
[24] *Id.* at pp. 4–5.
[25] R. Doc. 12-1 at p. 5.
[26] No. CV 22-3787, 2023 WL 1765920 (E.D. La. Feb. 3, 2023).
[27] No. CV 22-4311, 2023 WL 143318, (E.D. La. Jan. 10, 2023).
[28] *See* La. Stat. Ann. § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer").
[29] 9 U.S.C. §§ 201 et seq.
[30] *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 432 (5th Cir. 2019), as revised (June 6, 2019); *Safety Nat. Cas. Corp. v. Certain Underwriters At Lloyd's, London*, 587 F.3d 714, 725 (5th Cir. 2009).

Convention requires this Court to enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen."[31] Each of the four criteria is met here.

First, the insurance policy between the parties makes clear that "[a]ll matters in difference between the NAMED INSURED and the INSURER(S) . . . in relation to this insurance, including its formation and validity . . . shall be referred" to "an Arbitration Tribunal."[32] Thus, there is "a written agreement to arbitrate the matter."[33]

Second, the "agreement provides for arbitration in a Convention signatory nation,"[34] the United States. The policy's arbitration clause stipulates that "[a]ny [a]rbitration hearing shall take place in Nashville, Tennessee."[35]

Third, the "agreement arises out of a commercial legal relationship,"[36] insurance.[37]

Fourth, Defendants Certain Underwriters at Lloyd's and one Other Insurer Subscribing to Policy No. VUX-CN0003034-01 are "not [] American citizen[s].[38]

Because all four criteria of the Convention are met, this Court must enforce the parties' arbitration clause and compel arbitration. In sum, Defendants have shown that reconsideration is necessary to "correct a manifest error of law."[39]

---

[31] *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).
[32] R. Doc. 3-1 at p. 42.
[33] *Freudensprung*, 379 F.3d at 327.
[34] *Id.*
[35] R. Doc. 3-1 at p. 43.
[36] *Freudensprung*, 379 F.3d at 327.
[37] *See generally id.*
[38] *Freudensprung*, 379 F.3d at 327; *see* R. Doc. 10-1 at pp. 2–3. Compelled arbitration is appropriate for both the non-American and American Defendants, because their conduct is "intertwined, indeed identical." *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. March 4, 2020). Here, each Defendant subscribed to the same insurance policy for the same property (*see* R. Doc. 10-1 at p. 3).
[39] *S. Snow*, 921 F. Supp. 2d at 565.

Lastly, Defendants' initial Motion to Compel requested the Court stay this action pending arbitration or in the alternative, dismiss the suit.[40] When a suit is referred to arbitration, the court in which such suit is pending "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[41] Therefore, the Court stays this matter pending the results of arbitration.

Accordingly;

**IT IS ORDERED** that Defendants' Motion to Reconsider Order Denying Without Prejudice Motion to Compel Arbitration[42] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Arbitration And Stay Pending Arbitration[43] is **GRANTED**.

The Clerk of Court shall **STAY** and administratively close this case, to be reopened, if necessary and upon written motion by a party, after arbitration is completed.

**New Orleans, Louisiana, this 30th day of June, 2023.**

                                             **SUSIE MORGAN**
                               **UNITED STATES DISTRICT JUDGE**

---

[40] R. Doc. 10-1 at 17
[41] 9 U.S.C. § 3.
[42] R. Doc. 12.
[43] R. Doc. 10.